CALOGERO, Justice.
Daniel Grafton Murphy, doing business as Grafton Crossing Trucking (Murphy), filed an application with the Louisiana Public Service Commission, seeking a contract carrier permit to operate as an intrastate contract motor carrier, transporting particle board and laminated particle board throughout the state for Louisiana Laminates, Inc., and Willamette Industries’ Lillie and Surepine divisions. CTS Enterprises, Inc. filed an opposition to Murphy’s application. After a public hearing, the Public Service Commission granted Murphy *286 a contract carrier permit, finding that “the authority sought would be in the public interest”. Louisiana Public Service Commission Order No. T-17600.
CTS Enterprises, Inc. appealed that decision to the district court in East Baton Rouge Parish. Honorable Leo Higginbotham, Jr., Judge of Division G of that Court, affirmed the order of the Public Service Commission. CTS appealed to this Court, challenging the district court’s af-firmance of the Public Service Commission order. CTS here argues that the district court committed error in affirming the order of the Public Service Commission, since the Commission’s finding had no reasonable basis in fact to support its conclusion that the issuance of the contract carrier permit is in the public interest.
This is a companion case to CTS Enterprises, Inc. v. Louisiana Public Service Commission, 540 So.2d 275 (La.1989), handed down by the Court this day. The cases were appealed separately, briefed separately, argued separately, and not formally consolidated. Because the subject matter is identical and the cases involve similar contract carrier permit applications, a common support shipper (Louisiana Laminates, Inc.), and an identical opponent (CTS), we have addressed the legal issues applicable to both cases in the opinion handed down this day in the companion case noted above. That opinion and those reasons are incorporated herein by reference.
In the present case, Daniel Grafton Murphy presented one shipper witness to support his application for a contract carrier permit, Louisiana Laminate, Inc.’s president and chief administrator officer, Henry Sutton. Sutton testified that Louisiana Laminates, Inc. is in the business of laminating wood particle board and sawing and banding the laminated particle boards for delivery, either to the wholesaler or back to the manufacturer, Willamette Industries.[1] Sutton further testified that since June, 1986, Daniel Grafton Murphy, an employee of Louisiana Laminates, has leased his truck and services to Louisiana Laminates to haul particle board and laminated particle board between Louisiana Laminate’s plant located in Bernice, Louisiana, and Willamette’s plants located in Simsboro, Louisiana and Lilly, Louisiana, hauls of thirty and seven miles, respectively.
Murphy was apparently encouraged to make this application for a contract carrier permit by Louisiana Laminate’s Henry Sutton in the interest of both Murphy and the shipper, Louisiana Laminates. His application for authority to transport only particle board and laminated particleboard for just two shippers, Louisiana Laminates and Willamette Industries, is a narrow one. The effect on existing carriers of the grant of this permit is minimal. Murphy already transports the same commodities between the requested points and has been doing so for two years, although as an employee/lessor. The complainant and other carriers will therefore not likely lose any appreciable current business as a result of the issuance of this permit to Murphy.
Furthermore, Murphy proposes to continue providing Louisiana Laminates, as a contract carrier, the special service he provides now as an employee/lessor. Louisiana Laminates trusts Murphy to enter its facilities after dark to load and unload shipments. In oral argument, CTS Enterprises asserted that this is not such a special service, inasmuch as other shippers including CTS are able to provide similar service. There was no evidence that other carriers were prepared to do that. And CTS’ willingness in that regard is little solace to Louisiana Laminates whose chief administrative officer testified that he did not trust CTS to provide after dark delivery because of the affiliation which a director of CTS Enterprises has with D.C. & Associates, a direct wood products competitor of Louisiana Laminates.[2] Murphy is entrusted with *287 a key to the plant. This night time service allows Laminates to maximize its forklift capacity during the day. Furthermore, Laminates wishes to discontinue its present employee/lessor arrangement because of the present cost to them of insuring Murphy’s truck and trucking service.
As we stated in the companion CTS case involving the applicant REB Transport, Inc., while the factors to be considered in connection with the contract carrier application are the same as those regarding the common carrier application, the required “public interest” showing for the contract carrier applicant differs from the public convenience and necessity requirement of the common carrier primarily in the respect that less exacting scrutiny and consideration of the controlling factors is required of the contract carrier.
In this case only two shippers are to be served, one of them with special service not available to the shipper otherwise. Considering the number of shippers, the minimal effect which granting the permit will have on services of the existing common and contract carriers including the protesting carrier, CTS, the effect denying the application will have on Louisiana Laminates (and the applicant Murphy), and the nature of the services proposed, we conclude that the district court was not wrong in affirming the Public Service Commission, and that the Commission acted reasonably on the evidence[3] in concluding that issuance of the contract carrier permit to Daniel Grafton Murphy was in the public interest.
DECREE
For the foregoing reasons the judgment of the district court is affirmed.
AFFIRMED.

. Mr. Sutton testified that Louisiana Laminates is a growing company, employing twenty-five people with a monthly payroll of $35,000, and is important to the economy of the area of this state in and around Bernice, La.

. Don Crume, director and 60% owner of CTS Enterprises, Inc. owns 100% of D.C. & Associates.

. The district judge applied a some evidence/not arbitrary or capricious standard, rather than the applicable reasonably supported by the evidence standard of Miller Transporters, Inc. v. Public Service Commission, 518 So.2d 1018 (La.1988) See companion CTS case, 540 So.2d at 278. Applying the proper standard here we reach the same result.